## HOME INS. CO. v. STUBBLEFIELD.
### (No. 12.)

(Court of Civil Appeals of Texas. Eastland. Nov. 4, 1926.)

**Automobiles ⚖══19.**

Bill of sale of secondhand automobile is admissible without proving transfer of receipt showing payment of license fee; compliance with Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾c–1617¾e, not being necessary to pass title in sale of secondhand cars.

Appeal from Eastland County Court at Law; T. J. Cunningham, Judge.

Suit by the Home Insurance Company against E. H. Stubblefield. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Butts & Wright, of Cisco, for appellant.
Milburn McCarty, of Eastland, for appellee.

PANNILL, C. J. Appellant brought this suit to recover a secondhand automobile. On the trial as evidence of its title, appellant introduced a bill of sale from one Raymond Hines, the original purchaser of said car from the dealer to whom said car had been sold by the factory. Upon objection of appellee, the bill of sale was excluded because not in compliance with Acts of the Thirty-Sixth Legislature 1919, c. 138, §§ 3a, 3b, 3c (Vernon's Annotated Penal Code Supp. 1922, arts. 1617¾c–1617¾e). No proof was made by appellant that at the time it received said bill of sale there was transferred to it the receipt showing the payment of the license fee on said automobile. Because of such noncompliance, the trial court instructed a verdict for appellee. Upon original submission, this court affirmed the action of the trial court in so directing verdict, and followed the settled law at that time as declared by various Courts of Civil Appeals, to the effect that compliance with said articles was necessary in order to pass title in the sale of a secondhand automobile. The decision also reversed the case for further trial in respect to the issue of damages, but the disposition now made renders further statement of said issues unnecessary. Pending motion for rehearing, the Supreme Court, speaking through the Commission of Appeals, Section A, in the case of Hennessy v. Automobile Owners' Association, 282 S. W. 791, held that compliance with said articles is not necessary to pass title in the sale of secondhand automobile. Under this holding the trial court was in error in excluding the bill of sale, and instructing the verdict as he did, for which error the judgment will be reversed and the cause remanded.

Upon another trial, if the jury shall determine that the automobile in question is the property of appellant, the appellee's cross-action for damages will necessarily fail. If, on the other hand, it should be found that the car is the property of the appellee, the issue of damages will be determined by the jury trying the case.

This court has had some difficulty in determining whether there is sufficient evidence to authorize the appellee to take the case to the jury on the question of ownership of the automobile, and we may say in passing, that, if the record is again presented to us, with the same evidence now before us, we would not approve a verdict against the appellant on the question of ownership of said automobile; but, inasmuch as the case was tried upon the theory that compliance with said articles was necessary in order to pass the title to said car, we have concluded that the proper course is to remand the case in order that the appellee may have an opportunity to

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

present such evidence as he may have on the question of ownership.

The disposition here made renders publication of the former opinion unnecessary, and it is withdrawn.

Reversed and remanded.